IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

GILBERTO LOPEZ-GIRALDO (2)
RAUL LOPEZ-GIRALDO (3)
GUILLERMO ESCOBAR (4)
ALEXANDER DUQUE-CASANOVA (6),

　　　Defendants.

CRIMINAL ACTION NO.:

1:17-CR-395-MLB-JKL

## **ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

This is a money laundering case. [*See* Doc. 18.] The present Order and Non-Final Report and Recommendation addresses the following pending motions:

- Defendants' Joint Motion to Dismiss Count Five [Doc. 102];

- Defendant Gilberto Lopez-Giraldo's First Particularized Request for Discovery and Brady Information [Doc. 103], which has been adopted by Defendant Guillermo Escobar [*see* Doc. 119];

- Defendant Gilberto Lopez-Giraldo's Motion for Bill of Particulars [Doc. 105], which has also been adopted by Escobar [*see* Doc. 119];

- Escobar's Motion to Disclose Confidential Informants [Doc. 106]; and

- Defendant Alexander Duque-Casanova's Motion for Bill of Particulars [Doc. 115].

For the reasons that follow, it is **RECOMMENDED** that Defendants' motion to dismiss Count Five be **DENIED,** and it is **ORDERED** that the motions for discovery, disclosure of confidential informants, and for bills of particular likewise be **DENIED**.[1]

## I.   SUMMARY OF CHARGES

On November 14, 2017, a grand jury seated in this District returned a two-count indictment against Juan Pablo Lozada-Franco, Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, and Guillermo Escobar, charging them with one count of concealment of money laundering the proceeds of drug sales and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i) with respect to eighteen transactions that occurred between November 23 and November 29, 2012;

---

[1] Defendants have filed other pretrial motions with respect to which the Court has scheduled evidentiary hearings.  [*See* Docs. 99, 101, 104, 108, 116; *see also* Doc. 119 (setting hearing dates).]  The Court will address those motions following the hearings and supplemental briefing.

and one count of laundering more than $10,000 and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1957, in connection with three transactions that took place on November 26, 27, and 28, 2012. [Doc. 1 at 1-5.]

On November 6, 2018, the grand jury returned a five-count superseding indictment, which added Defendants Alexander Duque-Casanova and Harby Mayor-Mejia, and dropped Defendant Lozado-Franco, who had died. [Doc. 18; *see also* Doc. 102 at 1 n.1 (explaining that Lozado-Franco died between the initial and superseding indictments).] Except for removing Lozado-Franco, Count One of the superseding indictment is identical to Count One of the original indictment— *i.e.*, Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, and Escobar remain charged with one count of concealment of money laundering and aiding and abetting with respect to the eighteen transactions alleged to have occurred in late November 2012. [Doc. at 2-3.] The superseding indictment alleges that each of those transactions "involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States," and that while conducting and attempting to conduct the transactions, Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, and Escobar "knew that the property

3

involved in the financial transaction represented the proceeds of some form of unlawful activity, to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity." [*Id.* at 4.]

Counts Two through Four charge Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, and Escobar with knowingly engaging and attempting to engage in laundering more than $10,000 and aiding and abetting, again in late November 2012, and are substantively duplicative of Count Two of the original indictment; the only difference being that instead than charging Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, and Escobar with a single count of laundering more than $10,000 three times, the superseding indictment charges the transactions in three separate counts. [Doc. 18 at 4-6.]

Finally, the superseding indictment added a fifth count—a charge of money laundering conspiracy in violation of 18 U.S.C. § 1956(h)—against all of the defendants. [Doc. 18 at 6-7.] Specifically, Defendants are charged in Count Five with conspiring with each other, Lozado-Franco, and others:

> to conduct financial transactions in and affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, and that while conducting and attempting to conduct such financial

4

transaction, knew that the property involved in the financial
transaction represented the proceeds of some form of unlawful
activity, to conceal and disguise the nature, location, source,
ownership, and control of proceeds of said specified unlawful
activity . . . .

[*Id.* at 6-7.]  The superseding indictment alleges that the conspiracy existed from
around October 26, 2010 through approximately November 25, 2014, and, thus,
was broader in time than the substantive money laundering charges, which are
based on conduct that allegedly occurred between November 23 and 29, 2012.
[*Compare id.*, Counts One through Four, *with id.*, Count Five.]

## II.   DEFENDANTS' JOINT MOTION TO DISMISS COUNT FIVE

Defendants have moved jointly to dismiss Count Five of the indictment—
the conspiracy charge—on the grounds that it is time-barred.  [Doc. 102.]  As noted
above, on November 6, 2018, the government obtained a superseding indictment
adding Duque-Casanova and charging all Defendants in Count Five with
conspiracy to launder money.   [Doc. 18.]   The indictment alleges that the
conspiracy existed for a little over four years—between approximatively October
26, 2010 and November 25, 2014.  [*Id.* at 6.]  Defendants concede that money
laundering conspiracy is subject to a five-year statute of limitations and that the
superseding indictment charged them with a conspiracy ending less than four years
before the date they were charged.  [*See* Doc. 102 at 3 (citing 18 U.S.C. § 3282).]

5

They maintain, however, that "all of the discovery" produced by the government indicates that the conspiracy ended no later than April 2013; and thus, they contend that the government had until April 2018 to charge Defendants for conspiracy. [*Id.* at 6.]   Because the superseding indictment was returned in November 2018, Defendants conclude that the claim is untimely.  [*Id.*]  Additionally, relying on *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001), Defendants argue that because Count Five "expanded the time frame of alleged criminal conduct by four years and add[ed] additional co-defendants," the statute of limitations was not tolled, and the Count cannot be saved via tolling.  [Doc. 137 at 2-3; *see also* Doc. 102 at 3-5; Doc. 138 at 1-2.]

Defendants' primary argument—based on their assertion that the alleged conspiracy lasted no later than April 2013—fails because money laundering conspiracy does not require proof of overt acts.  *Whitfield v. United States*, 543 U.S. 209, 214 (2005) ("Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction.").  As a result, "[a]n indictment for a non-overt-act conspiracy 'satisfies the requirements of the statute of limitations if the government alleges and proves, at trial or pretrial, that the

conspiracy *continued into the limitations period*.'"  *United States v. Harris*, No. 16-20669-CR-Scola, 2017 WL 3581144, at *1 (S.D. Fla. Aug. 16, 2017) (quoting *United States v. Trujillo*, 544 F. App'x 913, 918 (11th Cir. 2013) (internal citations omitted)); *see also United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986) (citing *United States v. Coia*, 719 F.2d 1120, 1124 (11th Cir. 1983)).  Because the superseding indictment explicitly alleges that the money laundering conspiracy continued into November 2014, which is within the five-year limitations period, the indictment is facially sufficient and Count Five is not time-barred. *Harris,* 2017 WL 3581144, at *1 (denying motion to dismiss money laundering and drug conspiracy charges where indictment alleged that conspiracies lasted into limitations period).

Although Defendants would have the Court presently resolve the factual question of when the conspiracy ended,[2] the Court should not delve into the sufficiency of the parties' evidence, as that determination must be made at trial. "There is no provision in the federal criminal rules akin to summary judgment, that is, that would allow the Court to conduct a pretrial inquiry as to whether the

---

[2] In response to the motion to dismiss, the government proffers facts supporting its contention that the money laundering conspiracy lasted into November 2014.  [*See* Doc. 134 at 1-4; *see also* Doc. 135.]

evidence will ultimately support the allegations in the Indictment.  Assessments as to the sufficiency of the evidence—as opposed to sufficiency of the language of the Indictment—must await trial, via motions for judgement of acquittal, and/or arguments to the jury." *United States v. Baker*, No. 1:18-CR-158-MLB-JSA, 2018 WL 5074682, at *2 (N.D. Ga. Sept. 6, 2018) (citing *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)), *report and recommendation adopted*, 2018 WL 5044650 (N.D. Ga. Oct. 17, 2018); *see also United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)  ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face."); *United States v. Detling*, No. 1:18-CR-309-LMM-LTW-1, 2019 WL 3006623, at *3 (N.D. Ga. Apr. 30, 2019) (collecting cases) (in assessing the sufficiency of a criminal indictment, "[t]he Court must accept the facts in the indictment as true and may not rely on outside facts presented by defendants or facts that need to be developed at trial"), *report and recommendation adopted*, 2019 WL 2284726 (N.D. Ga. May 29, 2019).  Because the superseding indictment alleges on its face that the conspiracy lasted into the limitations period, pretrial dismissal is not appropriate.

Defendants' further argument, based on *Ratcliff*, that Count Five improperly expanded the time frame of alleged criminal conduct is also without merit.   In *Ratcliff*, the government obtained—and the defendant was convicted on—a superseding indictment that expanded the length of initially-charged conspiracies from approximately six months to a thirteen-year period, and did so after the limitations period had already run.  *Ratcliff*, 245 F.3d at 1252.  The Eleventh Circuit reversed, finding that the conspiracy charge in the superseding indictment was improper because it "substantially broadened" the alleged conspiracy ***after the statute of limitations had already expired on the original charge***, which deprived the defendant of sufficient notice of the charges against him.  *Id.* at 1253.  *Ratcliff* is inapposite principally because the superseding indictment in the case at bar was returned ***before*** five-year statute of limitations for money laundering conspiracy had elapsed, whereas the superseding indictment in *Ratcliff* was returned after the limitations period for the conspiracy as originally charge had expired.  Thus, there is no relation-back issue like the one presented in *Ratcliff*.  *Ratcliff* is also distinguishable because here, the initial indictment did not charge any of the Defendants with conspiracy, but instead with substantive money laundering offenses.  [*See* Doc. 1.]  Not only that, but the transactions charged in the original

indictment would have been within a conspiracy charge's five-year statue of limitations. [*Id.* at 1-5 (November 14, 2017 indictment alleging money laundering transactions in the last week-and-a-half of November 2012).] Thus, there was no conspiracy charge that the superseding indictment expanded, much less one that was untimely as initially charged. *See United States v. Ervin*, No. 1:11CR007-MHT, 2011 WL 2551192, at *6 (M.D. Ala. June 6, 2011) (distinguishing *Ratcliff* where conspiracy charge was added in superseding indictment); *report and recommendation adopted*, 2011 WL 2551186 (M.D. Ala. June 27, 2011). Further, as to Duque-Casanova in particular, it cannot be said that the superseding indictment "expanded" any changes with respect to him because he was not even charged in this case until the grand jury returned the superseding indictment.

For these reasons, it is **RECOMMENDED** that Defendants' Joint Motion to Dismiss Count Five be **DENIED**. [Doc. 102.]

## III.   GILBERTO LOPEZ-GIRALDO'S MOTION FOR DISCOVERY

Gilberto Lopez-Giraldo moves for an order compelling the government to provide discovery with respect to six categories of information as well as exculpatory information required to be disclosed under *Brady v. Maryland*, 373

U.S. 83 (1963).  [Doc. 103.[3]]  The government has responded to the motion, addressing each of the categories.  [Doc. 124.]  It represents that it has either provided (or is in the process of providing) all the documentation it is obligated to produce in each category, and identifies the relevant materials.  [*Id.* at 2-3.] Gilberto Lopez-Giraldo has not filed a reply, and the deadline for him to do so has passed.  [*See* Doc. 119 (ordering that any reply be filed fourteen days following the government's response).]  After review of the government's response, the Court is satisfied that the government has adequately addressed the issues raised in the motion.  In addition, this Court's scheduling order previously directed the government to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny sufficiently in advance of trial to allow Defendants to use it effectively.  [Doc. 78 at 7.]  No further order is necessary in this regard.

For these reasons, Defendant Gilberto Lopez-Giraldo's First Particularized Request for Discovery and Brady Information [Doc. 103] is **DENIED** as moot.

---

[3] Escobar adopted this motion by oral motion at the pretrial conference. [Doc. 119.]

11

## IV.   MOTIONS FOR BILLS OF PARTICULARS

Defendants Gilberto Lopez-Giraldo and Duque-Casanova have each moved for a bill or particulars that identifies "[a]ny information and evidence the government has that [Defendants] had any knowledge the proceeds in question were the proceeds of illegal drug transactions or proceeds from illegal activity." [Doc. 105 at 2; Doc. 115 at 2.]  Defendants Escobar and Raul Lopez-Giraldo have adopted Gilberto Lopez-Giraldo's motion. [*See* Doc. 119.]  In essence, Defendants argue that the superseding indictment is legally insufficient and does not enable them to prepare their defenses or avoid being prejudiced by surprise at trial because it does not inform them precisely how the government will show that they knew the funds at issue were proceeds of illegal activity.  [*See* Doc. 127 at 3 ("The government has not provided defense counsel with any evidence that indicates Mr. Duque-Casanova knew the money in this case was the proceeds of illegal drug transactions or derived from illegal activity.").]  The government responds that it has provided this information to Defendant via discovery, investigative reports, and reverse proffers; and that Defendants' request is really a request for discovery and, thus, not within the scope of a proper motion for a bill of particulars . [Doc. 125 at 3.]

12

Raul Lopez-Giraldo and Duque-Casanova have each filed a reply [Docs. 127, 129], which Gilberto Lopez-Giraldo and Escobar have moved to adopt [Docs. 128, 130, 132, 133].[4] They contend that the discovery is simply too voluminous and that it is riddled with inaccurate summaries of conversations and irrelevant information that makes it practically impossible to discern how any Defendant had knowledge the proceeds in question were fruit of illegal activity. [*See generally* Docs. 127, 129.]

Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the government to file a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (quotation omitted). General discovery is not a valid reason for seeking a bill of particulars, *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981), nor is it "'designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal

---

[4] The motions to adopt the motions for a bill of particulars and replies in support [Docs. 128, 130, 132, 133] are **GRANTED**.

13

theories upon which it intends to rely at trial,'" *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)[5] ).  Further, "the defendant [is not] entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986).  "The defendant bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars," and as a result, the "mere statement that the defendant will be prejudiced . . . is insufficient." *United States v. Reddy*, No. 1:09-CR-0483-ODE-AJB, 2010 WL 3210842, at *5 (N.D. Ga. Apr. 5, 2010) (citing *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998)), *report and recommendation adopted in relevant part*, 2010 WL 3211029 (N.D. Ga. Aug. 11, 2010); *see also United States v. Blitch*, No. 5:08-CR-40(HL), 2009 WL 973359, at *5 (M.D. Ga. Apr. 9, 2009) (explaining that it is the defendants burden to show that nondisclosure would lead to "prejudicial surprise" or "meaningful defense

---

[5] Decisions of the Fifth Circuit issued on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

preparation") (citing *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979)).  The grant or denial of a bill of particulars rests within the sound discretion of the trial court.  *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987); *Colson*, 662 F.2d at 1391.

While the Court appreciates the practical issues that Defendants may face sifting through voluminous discovery, what they are really asking for here is an exposition of the government's theory of the case and an identification of the specific proof it intends to present at trial.  Such a request falls outside the scope of a bill of particulars.  *See United States v. Macauley*, No. 1:11CR199 JCC, 2011 WL 4853366, at *4 (E.D. Va. Oct. 13, 2011) (denying motion for bill of particulars as to government's theory as to how defendant knew he was in possession of heroin); *see also United States v. Obie*, No. 1:18-CR-424-MLB-JKL-1, 2019 WL 7841856, at *12 (N.D. Ga. Nov. 6, 2019) (finding that motion for bill of particulars to show defendant's "knowledge, participation, and role in the alleged conspiracy" was improper demand "to compel the government to provide an explication of its evidence and theory of the case"), *report and recommendation adopted*, 2019 WL 6873520 (N.D. Ga. Dec. 17, 2019).  "Even when discovery is voluminous, the government has no duty to isolate the particular items or documents that are

15

relevant to each count of an indictment." *United States v. Phillips*, No. 2:14-CR-76, 2015 WL 13662851, at *4 (E.D. Tenn. Sept. 25, 2015), *report and recommendation adopted*, 2016 WL 10689700 (E.D. Tenn. Jan. 26, 2016).  The superseding indictment on its face is sufficient to inform Defendants of the offenses charged and the government represents that it has provided voluminous discovery, including (1) investigative reports, photographs, videos, and audio files that show pick-ups of drug proceeds at the direction of Defendants and co-conspirators; (2) reports and records of structured deposits of those proceeds into a variety of accounts at different banks at the direction of Defendants and co-conspirators; and (3) wire communications intercepted by Columbian law enforcement that contain "incriminating statements from each of the defendants." [Doc. 125 at 3-4.]  The government further states that it has provided defense counsel with preliminary translations of dozens of intercepted communications and reports that include summaries of intercepted communications; and that it has also played some recorded conversations for Defendants and their counsel during reverse proffer sessions.  [*Id.* at 4.]

In Raul Lopez-Giraldo's reply, he cites *United States v. Long*, No. 1:08-CR-043-CC-AJB, 2008 WL 11336760 (N.D. Ga. Oct. 3, 2008), to support his

contention that a bill of particulars is appropriate even though the government had produced a voluminous amount of discovery.  [*See* Doc. 127 at 2-4.]   The information sought in *Long*, however, is distinguishable from Defendants' present request.  In that case, the government charged three defendants with wire fraud, conspiracy, money laundering, and bribery in connection with an alleged scheme involving the award of military contracts.  *See* 2008 WL 11336760 at *1.  The court ordered the government to provide a bill of particulars as to two discrete categories of information:  the names of the unindicted co-conspirators and the contracts that the government alleged the defendants had fraudulently obtained.  *Id.* at *4.  These two categories of information are different than the request at issue here.  As to the former, the identity of undecided co-conspirators is not at issue because this Court has already directed the government to provide this information to defendants.[6]  As to the latter, the particular transactions at issue are set forth in the superseding indictment itself, and Defendants are not asking the government to identify discrete

---

[6] More specifically, government was ordered to provide that information under the Court's Scheduling Order [*see* Doc. 78 at 10-11], and at the pretrial conference, the Court granted Defendant Escobar's motion for bill of particulars as to the identity of unindicted co-conspirators [*see* Doc. 119].

items that form the basis of any of the charges.[7]  Rather, they are seeking evidence that the government believes supports its contention that they acted with requisite knowledge—that is, how the government interprets evidence.  As a result, this request, if granted, would force the government to disclose its theory of the case and prematurely identify the proof it may present at trial.  *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973) (stating that a bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial"); *see also United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997) (holding that defendant was not entitled to bill of particulars as to its theory of intent); *United States v. Al-Arian*, 308 F. Supp. 2d 1322, 1359 (M.D. Fla. 2004) (holding that while bill of particulars was appropriate to identify unindicted co-conspirators, it was not appropriate to identify details regarding when a defendant joined conspiracy, particularly where overt acts were clearly identified in indictment).

---

[7] In *Long*, the court ordered the government to identify all the military contracts for which the charges had been brought because the indictment there identified only one contract, while the alleged conspiracy lasted for eight years, and during that time, the defendants were involved in numerous contracts.  2008 WL 11336760, at *4.  Here, by contrast, the transactions at issue are all identified in the superseding indictment, and Defendants have not complained that other transactions may be charged.

For these reasons, the Court **DENIES** the motions for bills of particulars. [Docs. 105, Doc. 115.]

## V.     MOTION TO DISCLOSE CONFIDENTIAL INFORMANTS

Escobar moves for the Court to compel the disclosure of the full names, criminal records, and locations of the confidential informants in this case, relying principally on *Roviaro v. United States*, 353 U.S. 53 (1957). [Doc. 106.] He argues that one or more confidential informants had direct financial dealings with him, his co-defendants, or co-conspirators, including picking up money and making bank deposits in Atlanta and Chicago, and that the disclosure of these informants' identity and location is important to his ability to prepare and establish a defense. [*Id.* at 1-2, 6.]

In response, the government proffers that Homeland Security Investigation ("HSI") agents in Atlanta and Chicago worked with two confidential informants to pick up drug proceeds and deposit them into bank accounts at the direction of Escobar and his alleged co-conspirators. [Doc. 126 at 1-2.] The government states that it intends to call these informants as witnesses at trial and, at that time, will disclose their identity and any related *Jencks*, *Brady*, and *Giglio* materials. [*Id.* at 2.] The government maintains, that because it will call those informants as witnesses at trial, Escobar's motion should be denied at present. [*Id.* at 3.] The

government also represents that that there were two additional confidential informants in Chicago who were not in contact with Escobar during this investigation and "played no meaningful role in the investigation as it relates to [him]." [Doc. 126 at 2.] The government argues that to the extent that Escobar seeks the disclosure of those individuals' identities, the request should be denied because Escobar has not shown that their testimony would significantly aid in establishing any asserted defense and that the disclosure of their identities would potentially expose them to danger because this case involves an international drug money laundering operation. [*Id.* at 3-4.]

Escobar has not filed a reply, and the deadline for him to do so has passed. [*See* Doc. 119.]

The government has a limited privilege to withhold the identity of confidential informants. *United States v. Flores*, 572 F.3d 1254, 1265 (11th Cir. 2009). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Flores*, 572 F.3d at 1265 (quoting *Roviaro*, 353 U.S. at 60-61). Courts in this Circuit consider the following three factors in evaluating whether the government should be required to

20

reveal the identity of informants: "(1) the extent of the CI's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the CI; and (3) the government's interest in nondisclosure." *United States v. Razz*, 240 F. App'x 844, 847 (11th Cir. 2007). In balancing these interests, the Court must consider "the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony." *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991).

"These concerns surrounding the disclosure of an informant's identity are generally inapplicable, however, where the government intends to call the informant as a witness at trial." *United States v. Craig*, No. 1:16-CR-145-TWT-JKL-1, 2019 WL 3505461, at *6 (N.D. Ga. June 28, 2019), *report and recommendation adopted*, 2019 WL 3494417 (N.D. Ga. Aug. 1, 2019); *see also Banks v. Dretke*, 540 U.S. 668, 697 (2004) ("The issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness."); *United States v. Rook*, No. 1:15-CR-380-SCJ, 2016 WL 2344877, at *3 (N.D. Ga. May 3, 2016); *United States v. Pineda*, No. 1:11-CR-006-CAP-JFK, 2012 WL 2906758,

at *44 (N.D. Ga. June 4, 2012) ("Neither the Federal Rules of Criminal Procedure, *Brady*, the *Jencks* Act, or *Giglio* require the disclosure of information related to a testifying witness any earlier than the Government has offered to make disclosure in this case."), *report and recommendation adopted*, 2012 WL 2907447 (N.D. Ga. July 16, 2012); *United States v. Elder*, No. 1:10-CR-132-RWS-AJB, 2010 WL 5656687, at *6 (N.D. Ga. Dec. 16, 2010) (explaining that "the concerns in *Roviaro* are not directly applicable" where the government informs the court that the confidential informant will testify at trial), *report and recommendation adopted in relevant part*, 2011 WL 294507 (N.D. Ga. Jan. 27, 2011); *United States v. Mendoza*, No. 1:05-CR-380-RWS-ECS, 2005 WL 8159713, at *1 (N.D. Ga. Sept. 9, 2005) ("[A]s the Government intends to call these informants at Defendant's trial, it is not required to disclose the identities of the informants at this time.").

Here, the government states that it intends to call the two Atlanta and Chicago confidential informants who had contact with Escobar and his alleged co-conspirators as witnesses at trial and that it will disclose the identity of such informants and provide any related *Jencks* and *Giglio* materials prior to trial. [Doc. 126 at 2.] In light of this representation, the Court will not require the government to disclose the identity of those confidential informants at this time.

As for the other confidential informants who had no contact with Escobar, the Court agrees with the government that Escobar has not made a sufficient showing under the *Roviaro* factors that they should be disclosed. As to the first *Roviaro* factor—the extent of an informant's participation in the criminal activity—Escobar has not shown that those informants had any involvement with his alleged criminal activity. The second factor—the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant—also weighs in favor of the government. The burden is on the defendant to show that the informant's testimony would significantly aid in establishing an asserted defense, *United States v. Johnson*, 702 F. App'x 815, 816 (11th Cir. 2017) (citing *Gutierrez*, 931 F.2d at 1491), and Escobar does not indicate what information he believes he would obtain from those confidential informants whom the government represents played no meaningful role in the investigation as it relates to Escobar. Finally, the third factor—the government's interest in nondisclosure—also weighs slightly in favor of the government because the government has expressed its concern (albeit in a conclusory fashion) that disclosure could pose a risk to the safety of the informants.

23

For the foregoing reasons, then, Escobar's motion to reveal the identity of confidential informants is **DENIED** [Doc. 106].

## VI.    CONCLUSION

For all the reasons explained above it is **RECOMMENDED** that Defendants' Joint Motion to Dismiss Count Five [Doc. 102] be **DENIED**.

It is **ORDERED** that Defendant Gilberto Lopez-Giraldo's First Particularized Request for Discovery and Brady Information [Doc. 103]; Defendant Gilberto Lopez-Giraldo's Motion for Bill of Particulars [Doc. 105]; Defendant Escobar's Motion to Disclose Confidential Informants [Doc. 106]; and Defendant Duque-Casanova's Motion for Bill of Particulars [Doc. 115] are **DENIED**.

It is **FURTHER ORDERED** that the motions to adopt the motions for a bill of particulars and replies in support [Docs. 128, 130, 132, 133] are **GRANTED.**

**IT IS SO ORDERED AND RECOMMENDED** this 26th day of October, 2020.

_____
JOHN K. LARKINS III
United States Magistrate Judge

24