IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.

Gilberto Lopez-Giraldo (2),
Raul Lopez-Giraldo (3),
Guillermo Escobar (4), and
Alexander Duque-Casanova (6),

        Defendants.

_____/

Case No. 1:17-cr-395-MLB

## OPINION & ORDER

Defendants Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, Guillermo Escobar, and Alexander Duque-Casanova filed various motions before the Magistrate Judge including motions to dismiss count five of the superseding indictment (Dkt. 102), for bills of particulars (Dkts. 105; 115; 119), for particularized requests for discovery and *Brady* information (Dkts. 103; 119), and for disclosure of confidential informants (Dkt. 106). The Magistrate Judge prepared a Report and Recommendation ("R&R") saying these motions should be denied. Defendant Raul Lopez-Giraldo objected to the recommended denial of his motion to dismiss and for a bill of particulars. (Dkt. 152.) Defendants Gilberto Lopez-Giraldo and

Escobar adopted his objections. (Dkts. 153; 155.) Defendant Duque-Casanova filed his own objections to the recommended denial of the same motions. (Dkt. 154.) No Defendant objected to the denial of the motions for particularized discovery or for disclosure of confidential informants. The Court overrules Defendants' objections and adopts the Magistrate Judge's R&R as to each motion.

I.  **Background**

On November 14, 2017, a grand jury charged Defendants Gilberto Lopez-Giraldo, Raul Lopez-Giraldo, Guillermo Escobar, and another person with one count of money laundering the proceeds of drug sales and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). (Dkt. 1 at 1–4.) That count identified eighteen allegedly illegal financial transactions between November 23 and November 29, 2012. (*Id.* at 2–3.) The grand jury also charged the same defendants with engaging in monetary transactions in criminally derived property and aiding and abetting that offense in violation of 18 U.S.C. §§ 2 and 1957. (*Id.* at 4.) That count identified three transactions that took place in November 2012. (*Id.* at 5.)

On November 6, 2018, the United States obtained a superseding indictment that made several changes. (Dkt. 18.) For purposes of the motions currently before the Court, the superseding indictment added charges against Defendant Duque-Casanova and added Count Five, which alleges Defendants conspired to commit money laundering, in violation of 18 U.S.C. § 1956(h). (*Id.* at 6–7.) It claims Defendants participated in the conspiracy from around October 26, 2010 through approximately November 25, 2014. The conspiracy charge thus significantly expanded the substantive money laundering charges beyond those included in the initial indictment.

Defendants moved to dismiss the conspiracy charge as barred by the statute of limitations. (Dkt. 102.) They also moved for a bill of particulars, saying the United States should be required to identify the evidence it intends to use to show they knew the money at issue was the proceeds of illegal activity. (Dkts. 105; 115; 119.) Defendants filed objections to the Magistrate Judge's recommendation that this Court deny their motions.[1]

---

[1] As explained above, Defendants also moved for particularized discovery and disclosure of confidential informants. (Dkt. 103; 106; 119.) They did

## II.   Standard of Review

The district court must "conduct[] a plain error review of the portions of the R&R to which neither party offers specific objections and a de novo review of the Magistrate Judge's findings to which [a party] specifically objects." *United States v. McIntosh*, 2019 WL 7184540, at *3 (N.D. Ga. Dec. 26, 2019); *see* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (plain error review appropriate in absence of objection). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting the required review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

not object to the Magistrate Judge's denial of those motions. The Court has reviewed the Magistrate Judge's R&R in this regard for plain error and finds none. Defendants' motions for particularized discovery and for disclosure of confidential informants are denied.

4

### III. Discussion

#### A. Defendants' Motion to Dismiss Count Five is Denied.

Defendants raise two objections to the Magistrate Judge's conclusion their motion to dismiss Count Five should be denied. (Dkts. 152 at 1; 154 at 2.) Defendant Duque-Casanova claims that, while the United States alleges in Count Five that the conspiracy lasted until November 25, 2014, "the evidence proves that, to the extent the conspiracy existed, it ended by April 2013." (Dkt. 154 at 2.) He says this means the indictment in November 2018 was untimely. (*Id.*) He says the Magistrate Judge erred in rejecting this argument. The Court disagrees.

The money laundering statute does not expressly require an overt act as an element of a conspiracy offense. As a result, the United States is not required to prove an overt act in order to obtain a conviction. *Whitfield v. United States*, 543 U.S. 209, 214 (2005) ("Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction.") For the same reason, the United States is also not required to allege an overt act in an indictment charging a

section 1956 conspiracy, let alone one within the statute of limitations. *United States v. Trujillo*, 544 F. App'x 913, 918 (11th Cir. 2013 (citing *United States v. Butler*, 792 F.2d 1528, 1532 (11th Cir. 1986)). For a non-overt act conspiracy, "the indictment satisfies the requirements of the statute of limitations if the government alleges and proves, at trial or pretrial, that the conspiracy continued into the limitations period." *Butler*, 792 F.2d at 1532.

The Federal Rules of Criminal Procedure also do not permit a defendant to move for summary judgment or otherwise seek a pre-trial determination on the sufficiency of the evidence. *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). An indictment is sufficient if it tracks the wording of the statute, so long as the wording sets forth the essential elements of the crime. *Id.* It follows that criminal defendants may only challenge the timeliness of an indictment before trial by relying on the face of the indictment. The law simply does not allow a court to parse the indictment pre-trial and determine whether the United States can show a conspiracy that continued into the limitations period. There are moments in a criminal prosecution when a district court can make that determination. Federal Rule of Criminal Procedure 29, for example,

6

allows a court to make such an assessment at the close of the United States's case. Likewise, Federal Rule of Criminal Procedure 11(b)(3), says a court cannot accept a guilty plea unless it determines there is a factual basis for the plea. This means a court must determine that the facts proffered by the United States and admitted by a defendant provide evidence from which the Court "could reasonably find that the defendant was guilty." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005). That might allow a court to make an assessment under the statute of limitations. But, we are not at either of those points. The Court adopts the Magistrate Judge's determination the indictment is sufficient on its face to assert a claim under the money laundering statute.

All Defendants also criticize the Magistrate Judge's determination *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001), does not require a different outcome. (Dkts. 152 at 2; 154 at 3.) They say *Ratcliff* precludes the United States from evading the statute of limitations through a superseding indictment that broadens or substantially amends the original charges. (*Id.*) They say that, because the initial indictment in this case did not include conspiracy charges, the superseding indictment so expanded the original charge as to violate *Ratcliff*.

7

But in *Ratcliff* the United States used a superseding indictment to amend a conspiracy charge going backward in time to allege a conspiracy that occurred entirely outside the statute of limitations. Specifically, after timely charging a conspiracy that allegedly began in 1992 and continued into 1993, the United States filed a superseding indictment alleging the conspiracy actually began in 1980, thirteen years before it initially alleged the conspiracy began. *Ratcliff*, 245 F.3d at 1249. And, importantly, the United States filed the superseding indictment more than five years after it agreed the conspiracy ended. That was outside the statute of limitations. *Id.* The only way the United States could charge the old conduct was by expanding its existing charge. So, the Court of Appeals applied the well-established rule that "a superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *Id.* at 1253. That is not the case here. The United States filed a superseding indictment in November 2018 that alleged a conspiracy beginning in 2010 and continued until 2014—that is, ending within the statute of limitations. The United States did not do what it

tried to do in *Ratcliff*—expand timely filed charges to go back in time and encompass conduct well outside the statute of limitations.

The Magistrate Judge properly concluded the United States is entitled to the benefit of its indictment and the rule applied in *Ratcliff* is inapplicable. The Court denies Defendants' motion to dismiss Count Five.

## B.    Defendants' Motions for Bill of Particulars Are Denied.

Defendants also appeal the Magistrate Judge's denial of their motions for a bills of particulars. They contend the United States must be required to identify the evidence it believes shows they "knew" or "had any knowledge" the money at issue was the proceeds of illegal drug transactions or derived from illegal activity. (Dkts. 154 at 4; 152 at 2.) The Magistrate Judge concluded Defendants are asking the United States to explain its theory of the case and the specific evidence it intends to present as to this issue and that such a request falls outside the legitimate scope of a bill or particulars. (Dkt. 144 at 15.) This Court agrees.

Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the government to file a bill of particulars. "The purpose of a bill of

particulars is to inform the defendant of the charge against him [or her] with sufficient precision to allow him [or her] to prepare his [or her] defense, to minimize surprise at trial, and to enable him [or her] to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017). A bill of particulars "is not designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006).

Defendants do not dispute the United States's representation that it has disclosed to them all the evidence it intends to introduce at trial. The United States says this includes (1) investigative reports, photographs, videos, and audio files that show pick-ups of drug proceeds at the direction of Defendants and their co-conspirators; (2) reports and records of structured deposits of those proceeds into a variety of accounts at different banks at the direction of Defendants and their co-conspirators; and (3) wire communications intercepted by Columbian law enforcement that contain "incriminating statements from each of the defendants." (Dkt. 125 at 3.) The United States also says this includes

10

translations of intercepted communications and reports of intercepted communications, some of which they played for Defendants during reverse proofers. Defendants now want the United States to go through this evidence and identify which items it claims show they knew the money at issue was the proceeds of illegal drug transactions or derived from illegal activity. Defendants are not entitled to the United States's trial strategy.

Absent a confession, the United States must often prove what a person "knows" (like whether a person knows money constituted the proceeds of drug transactions or other unlawful activity) through circumstantial evidence. That is, by showing a defendant acted in a manner indicating knowledge of the illegal nature of the money. The United States may show this, for example, with evidence about how the defendant came to have the money, how the defendant treated the money, how the defendant conducted financial transactions, any financial benefit the defendant received, and how the defendant communicated with others regarding the money. This usually culminates in the United States arguing that certain empirical acts by a defendant evidence his or her knowledge of the illegal nature of the

proceeds. The United States is not required to provide Defendants a preview of how it will argue the evidence— that is, what evidence it will use to argue a defendant was aware of the illegal nature of the money. The Magistrate Judge properly concluded Defendants' motions for bills of particulars should be denied.

## IV. Conclusion

The Court **OVERRULES** Defendants' Objections (Dkts. 152; 153; 154; 155), **ADOPTS** the Magistrate Judge's Non-Final Report and Recommendation (Dkt. 144), and **DENIES** Defendants' motions to dismiss (Dkt. 102), for bills of particulars (Dkts. 105; 115; 119), for particularized requests for discovery and *Brady* information (Dkt. 103; 119), and for disclosure of confidential informants (Dkt. 106).

**SO ORDERED** this 2nd day of February, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE